IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No. 5:20-cv-411-BO

| | |
|---|---|
| HELEN JO TALIAFERRO, KENNETH DURDEN, KENDALL GIBBS, RICKY SCOTT, NORTH CAROLINA COUNCIL OF THE BLIND, INC., GOVERNOR MOREHEAD SCHOOL ALUMNI ASSOCIATION, INC., and DISABILITY RIGHTS NORTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS, KAREN BRINSON BELL, in her official capacity as Executive Director of the NCSBOE, DAMON CIRCOSTA, in his official capacity as Chair of the NCSBOE, STELLA ANDERSON, in her official capacity as Secretary of the NCSBOE, KEN RAYMOND, in his official capacity as Member of the NCSBOE, JEFF CARMON III, in his official capacity as Member of the NCSBOE, and DAVID C. BLACK, in his official capacity as Member of the NCSBOE, <br><br> Defendants. | **MOTION FOR PRELIMINARY INJUNCTION** |

NOW COME PLAINTIFFS, by and through counsel, and respectfully move the Court to enter a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 ordering Defendants to provide accessible absentee ballots and processes for requesting, receiving, signing, and returning absentee ballots for the November 2020 general election. Plaintiffs simultaneously file declarations and a Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction.

In support of their Motion, Plaintiffs state:

1. Individual Plaintiffs Taliaferro, Durden, Gibbs, Scott, and members of the Organizational Plaintiffs North Carolina Council of the Blind, Inc., and Governor Morehead School Alumni Association, Inc., are blind and are registered voters who desire to cast a private and independent vote through Defendants' Absentee Voting Program in the November 2020 general election. (*See* Declarations of Taliaferro, Durden, Gibbs, Scott, McEachern, and Bell.)

2. Plaintiffs are likely to succeed on the merits of their claims under the Americans with Disabilities Act and the Rehabilitation Act that Defendants discriminate against them and other blind voters based on disability in conducting the Absentee Voting Program via inaccessible, standard print hard copy absentee ballots and communications, and that Defendants' discriminatory actions require Plaintiffs and other blind voters to rely on sighted assistants and forfeit their right to a private and independent vote.

3. Absent a preliminary injunction, Plaintiffs and other voters with disabilities will suffer irreparable harm. Specifically, Plaintiffs will be forced to forgo their privacy and independence to cast an absentee ballot from home. Additionally, unlike in prior years, the absence of a preliminary injunction forces Plaintiffs to risk exposure to COVID-19 at their polling place in order to exercise their right to cast a private and independent ballot.

4. The balance of equities supporting the grant of preliminary injunctive relief tips in favor of Plaintiffs. In the absence of a preliminary injunction, Plaintiffs and other voters with disabilities will suffer injury to their right to equal access to the Absentee Voting Program and a secret ballot when Defendants have rapidly deployable, free or limited cost accessible voting systems available to them.

5. The public interest is in upholding the right of Plaintiffs and other voters with disabilities to have equal access to the Absentee Voting Program, especially in light of the

ongoing COVID-19 pandemic.

6. On August 7, 2020, Plaintiffs, through counsel, conferred with counsel for Defendants regarding their intent to pursue a Preliminary Injunction. Defendants have not agreed to Plaintiffs' request to provide an accessible absentee ballot for the November 2020 election and object to this Motion.

WHEREFORE, Plaintiffs ask that the Court:

A. Issue a Preliminary Injunction requiring Defendants to:

(1) provide accessible absentee ballots, which includes accessible electronic ballots and alternative print format ballots (Braille and large print);

(2) utilize and make accessible formats available for requesting, receiving, marking, signing, and returning the accessible ballots; and

(3) ensure accessible absentee ballots are received and processed in a manner that does not reveal that the ballot was cast by a voter with a disability

for the November 2020 general election;

B. Waive the requirement of a bond; and

C. If desired by the Court, set a hearing for the Motion for a Preliminary Injunction.

Dated: August 12, 2020

Respectfully submitted,

/s/ Holly Stiles
Holly Stiles
holly.stiles@disabilityrightsnc.org
N.C. State Bar No. 38930
Lisa Grafstein
lisa.grafstein@disabilityrightsnc.org
N.C. State Bar No. 22076
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195

Fax: (919) 856-2244

/s/ Stuart Seaborn
Stuart Seaborn*
sseaborn@dralegal.org
C.A. State Bar No. 198590
Rosa Lee Bichell*
rbichell@dralegal.org
C.A. State Bar No. 331530
DISABILITY RIGHTS ADVOCATES
2001 Center St #4
Berkeley, CA 94704
Phone: (510) 665-8644
Fax: (510) 665-8511

Christina Brandt-Young*
cbrandt-young@dralegal.org
N.Y. State Bar No. 4165189
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel: (212) 644-8644
Fax: (212) 644-8636
ATTORNEYS FOR PLAINTIFFS

*Appearing by Special Appearance