IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Case No. 5:20-cv-411-BO

| | |
|---|---|
| HELEN JO TALIAFERRO, KENNETH DURDEN, KENDALL GIBBS, RICKY SCOTT, NORTH CAROLINA COUNCIL OF THE BLIND, INC., GOVERNOR MOREHEAD SCHOOL ALUMNI ASSOCIATION, INC., and DISABILITY RIGHTS NORTH CAROLINA, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al*, <br><br> Defendants. | **PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiffs, by and through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, move the Court for judgment on the pleadings. In support hereof, Plaintiffs show the following:

1. Plaintiffs filed this action on July 27, 2020, alleging that Defendants' failure to provide blind voters equal access to their Absentee Voting Program violates the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"). (Compl., ECF No. 1).

2. On August 12, 2020, Plaintiffs moved for a Preliminary Injunction requiring Defendants to provide accessible absentee balloting to blind voters for the November 2020 election. (Motion for Preliminary Injunction, ECF No. 26).

3. On September 24, 2020, the Court issued a Preliminary Injunction directing Defendants to allow blind voters access to Democracy Live, an online voting portal, as expeditiously as possible. (Order, ECF No. 41).

4. On April 15, 2021, Defendants filed their Answer. (Answer, ECF No. 53). The pleadings are now closed.

5. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Such a motion "is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). The court "take[s] the facts in the light most favorable to the [non-moving party], but [it] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Blue Rhino Glob. Sourcing, Inc. v. Well Traveled Imps., Inc.*, 888 F. Supp. 2d 718, 721 (M.D.N.C. 2012) (alteration in original) (quoting *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)).

6. To establish their ADA and Section 504 claims, Plaintiffs must show (1) that the plaintiffs are individuals with disabilities who are qualified to benefit from a government program, service, or activity; (2) that defendants running that program are covered entities under the statute; and (3) that plaintiffs were denied the benefits of the service, program, or activity, or otherwise discriminated against, on the basis of their disability. *Nat'l Fed'n of the Blind v. Lamone.* 813 F.3d 494, 502-03 (4th Cir. 2016).

7. In their Answer, Defendants admit facts establishing these elements:

    a. Defendants admit that the individual Plaintiffs are qualified voters with disabilities, and admit the facts showing that systemic relief is available to the associational Plaintiffs. (Compl. & Answer ¶¶ 12-19, 73, 87).

b. Defendants admit that the Absentee Voting Program is covered by the ADA and Section 504 rules. (*Id.* at ¶¶ 71-72, 88-89).

   c. Defendants "[a]dmit[]  with respect to absentee vote by mail" that:

   > Blind voters who rely on alternative formats—including Braille, large print, electronic, and/or audio formats—cannot use Defendants' print absentee ballots on an equal basis with other voters. Blind voters must secure the assistance of a third party to vote absentee, burdens that Defendants do not place on non-disabled voters who can access this information in standard-size print format. As a result, blind voters must give up the independence and confidentiality enjoyed by others who use Defendants' Absentee Voting Program.

   (*Id.* at ¶ 2) (footnote omitted).

8. Since Defendants have admitted the facts that establish the elements of Plaintiffs' claims, Plaintiffs are entitled to judgment on the pleadings.

WHEREFORE, Plaintiffs respectfully move the Court to:

1. Declare Defendants to be in violation of the ADA and Section 504 through their discriminatory operation of their Absentee Voting Program;

2. Order that Defendants:

   a. make Absentee Voting Program materials accessible to blind voters;

   b. provide an accessible absentee ballot and processes for requesting, receiving, signing, and returning absentee ballots in all future elections; and

   c. provide a means for blind voters to request auxiliary aids and services in the Absentee Voting Program, including the designation of an employee as an ADA Coordinator to process such requests.

3. Order such other and further relief as the Court may deem just and proper.

This 18th day of May, 2021.                    Respectfully submitted,

/s/ Rosa Lee Bichell
Rosa Lee Bichell*
rbichell@dralegal.org
C.A. State Bar No. 331530
Stuart Seaborn*
sseaborn@dralegal.org
C.A. State Bar No. 198590
Stuart Seaborn*
sseaborn@dralegal.org
C.A. State Bar No. 198590
DISABILITY RIGHTS ADVOCATES
2001 Center St #4
Berkeley, CA 94704
Phone: (510) 665-8644
Fax:     (510) 665-8511

Holly Stiles
holly.stiles@disabilityrightsnc.org
N.C. State Bar No. 38930
Lisa Grafstein
lisa.grafstein@disabilityrightsnc.org
N.C. State Bar No. 22076
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Phone: (919) 856-2195
Fax:     (919) 856-2244

Christina Brandt-Young*
cbrandt-young@dralegal.org
N.Y. State Bar No. 4165189
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017
Tel:  (212) 644-8644
Fax:  (212) 644-8636


ATTORNEYS FOR PLAINTIFFS