# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

Civil Case No. 5:20-cv-411-BO

HELEN JO TALIAFERRO, KENNETH )
DURDEN, KENDALL GIBBS, RICKY )
SCOTT, NORTH CAROLINA COUNCIL )
OF THE BLIND, INC., GOVERNOR )
MOREHEAD SCHOOL ALUMNI )
ASSOCIATION, INC., and DISABILITY )
RIGHTS NORTH CAROLINA, )
                                                                 )   **ORDER GRANTING**
                                                                 )   **PLAINTIFFS' MOTION**
                    Plaintiffs, )   **FOR JUDGMENT ON THE**
                                                                 )   **PLEADINGS**

v.

NORTH CAROLINA STATE BOARD OF )
ELECTIONS, *et al*, )

                    Defendants. )

      This cause comes before the Court on the Plaintiffs' Corrected Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants have responded and plaintiffs have indicated they would not file a reply. The motion is ripe for ruling and, for the reasons that follow, the motion (DE 57) is granted.

      Plaintiffs filed a Complaint on July 27, 2020 alleging that Defendants' Absentee Voting Program is inaccessible to blind voters and therefore in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794. (Compl., DE 1). Plaintiffs thereafter filed a Motion for Preliminary Injunction seeking that accessible formats of absentee ballots – including accessible electronic, Braille, Large Print, and audio formats – of North Carolina's standard print paper ballots be made available for the November 3, 2020 General Election. (Motion for Preliminary Injunction, DE 26). The Court granted Plaintiffs' motion and entered a

preliminary injunction ordering Defendants to provide blind voters access to the Democracy Live portal, an accessible electronic voting system in use and available to overseas and military voters to request, mark, and return their absentee ballot in the 2020 general election. (Order, DE 41). Defendants provided blind voters an accessible electronic means of voting beginning on October 19, 2020 to mark and return their absentee ballots. (Answer ¶¶ 29, 37, 81-83, 90-92, DE 53). Defendants admit that its Absentee Voting Program does not currently offer blind voters alternative formats of its standard print absentee ballot and that, as a result, blind voters are not able to cast their absentee ballot privately and independently. (*Id.* at ¶¶ 1- 2).

North Carolina's Absentee Voting Program must be operated in compliance with the ADA and Section 504. Upon consideration of Plaintiffs' Motion for Judgment on the Pleadings, and defendants' limited opposition thereto, plaintiffs' motion is GRANTED and it is hereby **ORDERED** that:

1. The North Carolina State Board of Elections ("NCSBE") shall ensure that blind[1] voters can request, mark, and return their absentee ballot through accessible electronic means[2] in the 2021 municipal elections (whenever held) and in all subsequent elections.

2. Within 30 days of this Order, the NCSBE will post instructions in an accessible electronic format on the NCSBE's website describing the process of requesting, marking, and returning an absentee ballot using NCSBE's accessible electronic voting system. NCSBE will also provide blind voters the opportunity to cast a sample ballot using the accessible electronic voting system to enable them to become familiar with it before casting their live ballot.

---

[1] The Court adopts the Plaintiffs' use of the word "blind" to describe individuals who, as a result of a vision impairment, use alternative techniques or assistive technology for tasks done visually, including people who identify as "totally" blind and people with low vision.

[2] North Carolina utilized an online portal known as "Democracy Live" for this purpose during the 2020 general election.

3. Blind voters for whom the accessible electronic voting system is not effective [3] may request an alternative format of their absentee ballot that includes, but is not limited to, Large Print, Braille, and audio formats, which will be promptly processed by NCSBE as a request for effective communication under the ADA and Section 504.

4. Within 30 days of this Order, the NCSBE shall ensure that all information available on its homepage and its webpages dedicated to "absentee voting" and "voters with disabilities" is accessible. This requires Defendants to ensure that the absentee ballot request form, sample ballots available through the "voter search" tool (when available to the public at large), the electronic voting system, and other communications and documents available on its website related to the exercise of the right to vote[4] aimed at the public at large and at voters with disabilities are accessible.

5. Defendant shall ensure that all documents and communications subject to this Order meet the following accessibility standards:

    a. Electronic documents and webpages must be compliant with WCAG 2.1 AA standards and updated as necessary to remain compliant with any subsequent

---

[3] It is understood that not every blind individual has access to an electronic device to request, mark, and return their absentee ballot and has internet access. Additionally, there are blind individuals who are not computer-users and whose most effective method of communication is Braille, Large Print, and/or audio formats.

[4] Examples include: (a) the NCSBE website homepage, i.e., https://www.ncsbe.gov/; (b) NCSBE webpages and documents relating to voter registration; (c) NCSBE webpages and documents relating to absentee ballots; (d) NCSBE webpages and documents relating to voters with disabilities, i.e. https://www.ncsbe.gov/voting/help-voters-disabilities (or any future iteration of said page); and (e) all PDF forms on the website that are filled out and submitted by voters to the NCSBE or any County Board of Elections. Requests for alternative accessible formats of the Challenge, Protest, Appeal and Complaint forms, and the instructions for completing such forms, will be processed by NCSBE pursuant to the ADA policy described in Paragraph 7 of this Consent Decree.

3

Case 5:20-cv-00411-BO   Document 62   Filed 06/15/21   Page 3 of 8

WCAG AA standard;

b. Electronic documents and webpages must be screen readable using common assistive technology, such as Job Access with Speech ("JAWS") software, Apple VoiceOver, and Android TalkBack, and as applicable, shall include insertion of tags and fillable objects so that they can be completed independently and privately by the requesting individual using standard, accessible technology;

c. Electronic documents and webpages must permit voters to enter a typed signature or place an electronic signature where a signature is required (i.e., the absentee ballot request form, absentee ballot, and absentee ballot return);

d. Documents provided in Large Print must adhere to Clear Print Accessibility Guidelines, *Clear Print Accessibility Guidelines*, CNIB Foundation, https://www.cnib.ca/sites/default/files/2020-08/Clear%20Print%20Guidelines%202020.pdf (last updated 2020), and the American Printing House for the Blind's Guidelines for Print Document Design, J. Elaine Kitchel, *APH Guidelines for Print Document Design*, The American Printing House for the Blind (Sept. 11, 2019), https://www.aph.org/aph-guidelines-for-print-document-design; and

e. Braille documents must conform to best practices in the field of accessible

document design for each format type and should adhere to best practices for

Braille transcription by an experienced and certified Braille transcriber.

The NCSBE shall adopt and revise its policies as necessary to meet and remain compliant with these accessibility standards.

4

Case 5:20-cv-00411-BO   Document 62   Filed 06/15/21   Page 4 of 8

6. The NCSBE shall identify its ADA Coordinator to the Court and shall adopt or revise policies regarding its procedures for providing prompt and timely equal access to the Absentee Voting Program for people with disabilities as necessary to effectuate the terms of this Order.

   a. The policy will include a provision requiring that any person who requests an alternative format of their absentee ballot be notified of their right to contact Disability Rights North Carolina for further assistance. The policy will be circulated to County Boards of Elections and posted prominently on Defendants' website.

   b. The policy will make clear that the ADA Coordinator will receive and resolve questions and complaints about the accessibility of the voting process for people with disabilities. The ADA Coordinator's contact information shall be included in the policy and easily identifiable on the NCSBE website and any accessible electronic voting tool, and shall provide several methods to provide feedback, including a mailing address, telephone number, and an email address. The policy shall require that the ADA Coordinator ensure that NCSBE keeps records of all requests by blind individuals for accessible alternative formats, including but not limited to Braille, large print, audio, or accessible electronic navigable formats and the NCSBE's resolution of the request.

7. The NCSBE will provide training and support as necessary to ensure that County Boards of Elections are adequately informed of all accessible voting formats, and that County Boards of Elections acknowledge and process requests for accessible absentee ballots in a timely fashion.

8. The NCSBE shall establish a process through which the NCSBE solicits, receives, and addresses complaints and feedback from the public regarding its provision of accessible formats to individuals with disabilities.

9. The NCSBE agrees to continue providing information about accessible absentee ballots on a prominent, easy to find page of its website, and to maintain this webpage and continue to make this information available to voters in all future elections. Currently, this page can be found at https://www.ncsbe.gov/voting/help-voters-disabilities.

10. NCSBE shall submit a status report to the Court no later than 45 days before the 2021 municipal election, whenever held, that shall include:

   a. A report on NCSBE's readiness to provide blind voters the ability to request, mark, and return their absentee ballot through accessible electronic means for the 2021 municipal election;

   b. Vendors identified by NCSBE to facilitate their timely provision of Large Print, Braille, and accessible electronic formats of absentee ballots and other communications related to voting processes;

   c. The name and contact information for its ADA Coordinator; and

   d. Copies of all policies and procedures generated pursuant to the preceding paragraphs of this Order.

11. NCSBE shall submit a status report to the Court no later than 90 days after the 2021 municipal election, whenever held, and subsequent elections that shall include:

   a. Data on the number of voters who requested an accessible format of their absentee ballot or communications related to voting because of a visual

impairment, and the number of documents in accessible formats NCSBE provided broken down by accessible format type; and

b. Summaries of all complaints received (without identifying information) regarding the provision of accessible document formats to individuals with visual impairments and NCSBE's responses to those complaints.

12. Within 90 days after the 2021 municipal election (whenever held) and after each subsequent election during the time this case remains on the Court's docket, NCSBE shall provide Plaintiffs with a report containing the following information in the aggregate and by county:

a. The number of individuals with disabilities who requested an accessible absentee ballot by each accessible ballot type;

b. The number of individuals who were provided an accessible absentee ballot and the number of each type of accessible absentee ballot provided;

c. The number of individuals who successfully returned an accessible absentee ballot and the number of each type of accessible absentee ballot returned; and

d. Copies of any written complaints or feedback received by the State Board from voters with disabilities, or from County Boards of Elections, regarding accessible absentee ballots and descriptions of how any complaints were resolved.

13. Any motion for attorneys' fees and costs accruing prior to the entry of this Order shall be made within ninety (90) days of the date this Order is entered by the Court.

14. Attorneys' fees and costs in connection with any motion to enforce the terms of this Order may be claimed in accordance with applicable law.

15. The Court shall retain jurisdiction over this case until the conclusion of the 2024

Presidential Election for the purpose of ensuring compliance with this Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Corrected Motion for Judgment on the Pleadings (DE 57) is GRANTED. The clerk is DIRECTED to enter judgment accordingly and close the file. The Court expressly reserves continuing jurisdiction over this matter to ensure compliance with this Order. Plaintiffs are permitted ninety (90) days from the date of entry of this order to seek attorney fees and costs.

SO ORDERED this __15__ day of June, 2021.

Terrence W. Boyle
United States District Judge

8

Case 5:20-cv-00411-BO   Document 62   Filed 06/15/21   Page 8 of 8